**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Stephanie K. Duncan,**
**Paul Martin Lockwood,**
**Michael Albert Schramel,**
**Steven Gary Isaacson,**
**Keith Alan Berard,**

**Petitioners,**

**v.**

**The Honorable Skipper J. Pearson,**
**Judge of Stearns County,**

**Respondent.**

**Civil No. 00-2134 (MJD/SRN)**

**REPORT AND RECOMMENDATION**

---

Randall D.B. Tigue, Esq., on behalf of Petitioners.

Roger S. Van Heel, Esq., Stearns County Attorney, and Daniel A. Benson, Esq., Assistant Stearns County Attorney, on behalf of Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter is before the undersigned United States Magistrate Judge on the Petition of Stephanie K. Duncan, Paul Martin Lockwood, Michael Albert Schramel, Steven Gary Isaacson, and Keith Alan Berard ("Petitioners") for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Lexis 1992 & Supp. 2000). This matter has been referred to the undersigned for Report and Recommendation under 28 U.S.C. § 636 (Lexis 1988 & Supp. 2000) and Local Rule 72.1. For the reasons stated below, this Court recommends that the convictions of Petitioners be reversed with directions that the State of Minnesota grant petitioners a new trial within 60 days

FILED MAY 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the issuance of the court's mandate. In the event no retrial is held, this Court recommends the Petition for Writ of Habeas Corpus be granted.

## I. BACKGROUND

The parties do not dispute the facts. The Bottoms Up Club is a nude dancing bar in Stearns County. The club admits adult patrons after they have paid $5.00 to enter it. On February 8, 1997, officers of the Stearns County Sheriff's Department and representatives of the Minnesota Bureau of Criminal Apprehension attended the club to conduct a pre-arranged raid. While there, the officers observed some of the club's patrons, including the male Petitioners, placing money on a dance platform on which nude women, including Duncan, were dancing. The dance platform was elevated and surrounded by a bar at which patrons could sit. As a patron was seated at the bar, the patron's head and shoulders protruded above the level of the dance platform. Placing money on the platform prompted a dancer to approach the patron and either rub her bare breasts on the patron's head or place her legs on the patron's shoulders so that the patron's head was between the dancer's thighs. Patrons who did not place extra money on the stage were not given this extra contact. The officers arrested the dancers and patrons, including Petitioners, whom they observed participating in these "table dances."

Each Petitioner was charged, under Minn. Stat. § 617.23 (1996), with engaging in open or gross lewd or lascivious behavior in public. In addition, Duncan was charged with willfully and lewdly exposing her private parts in public and the patron Petitioners were charged with procuring another to expose her private parts or engage in gross lewd or lascivious behavior in public. No allegation was made that any person present at the club was offended by the conduct witnessed.

The Stearns County district court granted Petitioners' joint motion to dismiss these indecent exposure charges for lack of probable cause because it determined that an intent to offend the sensibilities of others was an element of an indecent exposure offense. The court concluded,

> When, as here, the only people who see the activity that would otherwise be considered indecent exposure have paid to see the indecent exposure, this Court must rule, as a matter of law, that there was no intent to offend the sensibilities of the observers. Intent to offend the sensibilities of others is an element of the offense. That element is lacking in this case . . . .

*State v. Branch*, K1-97-2207, at 4 (Stearns County D. Court Jan. 9, 1998) (citations omitted).[1] The State of Minnesota appealed the district court's order.

The Minnesota Court of Appeals reversed, finding that the Minnesota Statute did not require the exposure to be nonconsensual, rather "[t]he indecent exposure statute requires only a willful and lewd exposure, occurring in a public place or a 'place where others are present.'" *State v. Schramel*, 581 N.W.2d 400, 403 (Minn.App.1998) (citations omitted). The court further found that,

> The record reflects probable cause to believe that the respondent dancers were 'willfully and lewdly' exposing their private parts, with the intent of being indecent or lewd. This exposure allegedly occurred in a public place, visible to

---

[1] The district court also noted,

> The State has argued that if the conduct alleged in this case is not prohibited, it will give *carte blanche* to the patrons and dancers of a club such as Bottoms-Up to engage in explicit sex acts without fear of prosecution. This argument fails to consider that sexual acts constituting penetration and sexual touching in exchange for money are proscribed by other statutes such as Minn. Stat. 609.324 or 617.241 Subd. 2. prohibiting prostitution or prohibiting obscene performances. . . . Nothing in this Order prevents the State from charging these offenses under the above statutes if it has evidence that would permit it to do so.

*State v. Branch*, K1-97-2207, at 2 (Stearns County D. Court Jan. 9, 1998) (mem.).

> many other persons. The display could be willfully and intentionally lewd even if intended to gratify, rather than offend, the audience.

*Id.* (citations omitted).

Petitioners appealed this ruling to the Minnesota Supreme Court arguing that nonconsensual exposure of private parts and "offending the sensibilities of others" were necessary elements of a conviction under the Minnesota indecent exposure statute and that applying the appellate court's "expanded definition of indecent exposure" deprived Petitioners of due process of law in violation of the Fourteenth Amendment to the United States Constitution. The Minnesota Supreme Court denied review on September 28, 1998.

On remand, each Petitioner was eventually charged, convicted, and sentenced for violating Minn. Stat. § 617.23(a)(3) (1996) (current version at Minn. Stat. § 617.23 Subd. 1(3) (West Supp. 2001)).[2] Petitioners waived their right to a jury trial and objected to the statute as being unconstitutionally vague and overbroad in violation of the First and Fourteenth Amendments to the United States Constitution. Petitioners also argued that retroactively applying the Appellate Court's new "expanded construction" of the indecent exposure statute to them violated their due process rights under the United States Constitution.

On the vagueness question, the district court found that the statute is "sufficiently definite that ordinary persons applying the common and ordinary meaning and usage of the terminology 'lewd' can determine what conduct it likely prohibits. As such it not void as being too vague." *State v. Branch*, K1-97-2207, at 3-4 (Stearns County D. Court Dec. 11, 1998).

---

[2] Minnesota Statute § 617.23 was amended in 1998 to, among other things, designate existing text as subdivisions 1, 2, and 3. The language of this particular section of the statute, however, did not change.

The district court also rejected the overbreadth and due process claims of each Petitioner stating, "Whether this Court agrees with Defendants on this issue is irrelevant. Defendants' argument is being made at the wrong level; this Court has no authority to overrule the Minnesota Court of Appeals," which the district court assumed considered and rejected these arguments when it overruled the district court's previous order dismissing the charges against Petitioners. *State v. Duncan*, T5-97-6454, at 2 (Stearns County D. Court Feb. 26, 1999) (mem.).

In separate, yet nearly identical, orders the district court ultimately found that when each patron Petitioner gave a dancer money, he did so "with the expectation that additional and more creative exposure of her private parts would occur" and thus each patron Petitioner "engaged in conduct that he knew or should have known that [sic] was extremely lewd and lascivious behavior and did so in a public place or in a place where others were present." *State v. Schramel*, T8-97-6464, at 4 (Stearns County D. Court Feb. 26, 1999). The district court also found that when Duncan took money from patrons in exchange for "creatively" exposing her body parts "she knew or should have known that the additional exposure was extremely lewd and lascivious behavior and that it was being conducted in a public place or in a place where others were present." *State v. Duncan*, T5-97-6454, at 4 (Stearns County D. Court Feb. 26, 1999). Accordingly, the district court found each Petitioner guilty of violating Minn. Stat. § 617.23(a)(3) (1996), ordered them to pay a fine, and sentenced them to ninety days of incarceration, stayed one year on the condition that they served two days in jail or performed sixteen hours of community service.

Petitioners appealed their convictions and sentences to the Minnesota Court of Appeals[3] arguing, as they had to the district court, that the standard for indecent exposure adopted in *State v. Schramel*, 581 N.W.2d 400 (Minn.App. 1998), rendered Minn. Stat. § 617.23(a)(3) (1996) unconstitutionally overbroad in violation of the First and Fourteenth Amendments to the United States Constitution. Petitioners also argued that retroactively applying the Appellate Court's "new" construction of the indecent exposure statute to them deprived Petitioners of liberty without due process of law, in violation of the Fourteenth Amendment to the United States Constitution, because they had no notice of such a standard prior to arrest. Finally, Petitioners argued that, assuming the validity of the statute and its application to them, the evidence was insufficient to sustain a charge against them.

The Minnesota Court of Appeals upheld their convictions and responded that *Schramel* did not establish a new construction of Minnesota law and that Petitioners merely misread and misinterpreted the law. *See State v. Duncan*, 605 N.W.2d 745, 748-49 (Minn.App. 2000). The court also held that Minnesota's indecent exposure statute was not unconstitutionally overbroad because "lewd and lascivious behavior is synonymous with obscene behavior," which is not protected by the First Amendment. *Id.* at 750. Finally, the court dismissed the insufficient evidence claim.

On appeal to the Minnesota Supreme Court, Petitioners argued the following: (1) that retroactive application of an obscenity standard to the indecent exposure statute violated their due process rights under the Fourteenth Amendment; and (2) that assuming obscenity is the

[3] Petitioners' cases were consolidated for appeal on April 26, 1999.

appropriate standard, the evidence was not constitutionally sufficient to sustain a conviction because the trial court made no findings as to any of the elements of obscenity and because the allegedly obscene performance was not viewed by the trier of fact. The Minnesota Supreme Court denied review on April 18, 2000.

On September 14, 2000, Petitioners filed their present application for federal habeas corpus relief under 28 U.S.C. § 2254 (Lexis 1992 & Supp. 2000). The instant petition lists three[4] claims for relief as follows: (1) the Minnesota Court of Appeals' retroactive application to

---

[4] Petitioners' briefs also argue that their due process rights were violated when the appellate court allegedly retroactively applied the "new" construction of the Minnesota indecent exposure statute to them. *See State v. Schramel*, 581 N.W.2d 400 (Minn. App. 1998). However, because Petitioners, who were represented by counsel, did not list this alleged violation as a ground upon which they were being unlawfully held in their habeas corpus petition, it is not properly before this Court.

Nonetheless, the Court notes that Petitioners' due process rights were not violated. The Minnesota Court of Appeals was within its authority to distinguish and interpret the cases on which Petitioners relied for their position and to construe the plain language of the Minnesota statute. *See id.* at 403. The statute stated:

> (a) A person is guilty of a misdemeanor who in any public place, or in any place where others are present:
>
> (1) willfully and lewdly exposes the person's body, or the private parts thereof;
>
> (2) procures another to expose private parts; or
>
> (3) engages in any open or gross lewdness or lascivious behavior, or any public indecency other than behavior specified in clause (1) or (2) or this clause.

Minn. Stat. § 617.23 (1996). The appellate court, citing *State v. Peery*, 224 Minn. 346, 28 N.W.2d 851 (1947), construed this statute to require "only a lewd exposure, occurring in a public place or a 'place where others are present'" and with the "deliberate intent of being indecent or lewd." *Id.* (citations omitted). Although the Court is not unsympathetic to the arguments made by Petitioners, the appellate court's analysis was based on a reasonable reading of the statute and, although several Minnesota court decisions contain language arguably to the contrary, the appellate court's decision was based in part on Minnesota Supreme Court precedent. Thus, the Court does not find the appellate court's interpretation of the law to constitute the type of unforeseeable application of the law that would deprive a defendant of fair warning as to the proscribed conduct in violation of the Constitution. *See Bouie v. City of Columbia*, 378 U.S. 347, 351-55, 84 S.Ct. 1697, 1701-03 (1964) (recognizing that unforeseeable, retroactive application of a law has an effect "precisely like an *ex post facto* law").

Petitioners of an obscenity standard for judging violations of the indecent exposure statute deprived Petitioners, who had no notice of such a standard, of liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution; (2) the evidence presented of Petitioners' guilt was insufficient under an obscenity standard in violation of the First and Fourteenth Amendments to the United States Constitution; (3) finding the performances to be obscene without actually viewing them denied Petitioners of their right to independent judicial review of allegedly obscene work in violation of the First and Fourteenth Amendments. Petitioners previously raised each of these claims in their petitions with the Minnesota Supreme Court.

Respondent filed a timely response in which he asserts that Petitioners have not presented a cognizable claim for which relief may be granted because the appeals court did not retroactively apply an obscenity standard to petitioners that deprived them of due process and because there are sufficient findings to sustain the convictions. Respondent requests that this Court deny relief and dismiss Petitioners' petition.

## II. DISCUSSION

### A. Standard of Review in Habeas Proceedings

A federal court may grant habeas corpus relief and intervene in state judicial proceedings only "where errors of constitutional magnitude have occurred." *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991); *see also Newlon v. Armontrout*, 885 F.2d 1328, 1336 (8th Cir. 1989). A federal habeas court may not grant a state prisoner's petition for writ of habeas corpus unless the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §

2254(d)(1) (Lexis Supp. 2000). The Supreme Court has recently clarified the question of the proper application of 28 U.S.C. § 2254 in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495 (2000) (plurality opinion). The Court noted that the "contrary to" clause and the "unreasonable application" clause of 28 U.S.C. § 2254 (d)(1) should be accorded separate meanings. *See Williams*, 529 U.S. at 404-5,120 S.Ct. at 1519.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13.

**B. Exhaustion of State Remedies**

It is also well established that a federal court may not grant[5] a petition for writ of habeas corpus on behalf of a state prisoner, unless the prisoner has first exhausted all available state court remedies. *See* 28 U.S.C. § 2254 (b)(2) (Lexis Supp. 2000), *O'Sullivan v. Boerckel*, 526 U.S. 838, 840-42, 119 S.Ct. 1728, 1730-31 (1999); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982). This requirement is based on the doctrine of comity and principles of federalism. It ensures that state courts are given the opportunity to rectify alleged constitutional errors raised by state prisoners. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888 (1995) (*per curiam*); *Rose*, 455 U.S. at 518-20, 102 S.Ct. at 1201-04; *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

---

[5] "An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust" state court remedies. 28 U.S.C. § 2254 (b)(2).

Respondent argues that Petitioners failed to exhaust state court remedies because they failed to raise a First Amendment claim at trial. Respondent seems to base this argument on the alleged fact that Petitioners failed to claim their conduct was constitutionally protected speech. Although once hotly debated, it is now well-established that nude dancing is entitled to First Amendment protection. *See, e.g., City of Erie v. Pap's A.M.*, 529 U.S. 277, 289, 120 S.Ct. 1382, 1391, 146 L.Ed.2d 265 (2000) ("nude dancing . . . is expressive conduct, although we think it falls only within the outer ambit of the First Amendment's protection"); *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 565-66, 111 S.Ct. 2456, 2460, 115 L.Ed.2d 504 (1991); *Flanigan's Enterprises, Inc. of Georgia v. Fulton County*, 2001 W.L. 166375 (11th Cir. Feb. 20, 2001); *Schultz v. City of Cumberland*, 228 F.3d 831, 839 (7th Cir. 2000); *Nightclub Mgmt., LTD. v. City of Cannon Falls*, 95 F.Supp.2d 1027, 1039 (D.Minn. 2000). Additionally, Petitioners claimed at trial and on appeal to the Minnesota Court of Appeals and the Minnesota Supreme Court that the First Amendment barred their convictions under the statute. Thus, it is apparent that Petitioners exhausted their state court remedies with regard to their current claims for relief.

**C. Due Process**

Petitioners argue that reading an obscenity standard into the indecent exposure statute violates the constitutional prohibition against *ex post facto* laws and, thus, implicates their federally protected due process interest in having fair warning of the consequences of proscribed conduct. To establish a violation of these principles, Petitioners must show that the challenged construction of the law was unforeseeable, applied to events occurring before the interpretation of the statute, and expanded the definition of criminal conduct or increased the punishment for the crime. *See Bouie v. City of Columbia*, 378 U.S. 347, 351-55, 84 S.Ct. 1697, 1701-03 (1964);

*see also Ellis v. Norris*, 232 F.3d 619, 621 (8th Cir. 2000); *Burr v. Snider*, 234 F.3d 1052, 1054 (8th Cir. 2000).

Although the appellate court's equation of "lewd" and "lascivious" with "obscene" occurred subsequent to Petitioners' conduct, Petitioners' argument fails because the appellate court's interpretation of the law does not constitute an unforeseeable application of the law that deprived Petitioners of fair warning as to the prohibited conduct. *See Bouie*, 378 U.S. at 351-55, 84 S.Ct. at 1701-03. Citing two dictionaries and several cases, the appellate court explained, "We can find no authority distinguishing lewd and lascivious behavior from what is otherwise identified as obscene." *Duncan*, 605 N.W. 2d at 749 (citations omitted). Thus, it is not unforeseeable for the Minnesota courts to interpret the indecent exposure statute to prohibit obscene conduct. The fact that such an interpretation was not foreseen by Petitioners does not render it unforeseeable in violation of the due process clause of the Constitution. *See United States v. Oseby*, 148 F.3d 1016, 1022-23 (8th Cir. 1998).

Additionally, construing the indecent exposure statute to prohibit obscene behavior does not violate Petitioners' due process rights because it in no way expands the scope of proscribed behavior under the statute. *See Bouie*, 378 U.S. at 351-55, 84 S.Ct. at 1701-03; *United States v. Newman*, 203 F.3d 700, 702 (9th Cir. 2000) ("the due process principles of *Bouie* are inapplicable where the decision to be retroactively applied does not expand the scope of criminal liability"). If anything, by construing the statute to prohibit obscene behavior the appellate court narrowed, not broadened, the scope of prohibited conduct under the statute and, consequently, the judicial construction of the law does not increase the punishment for Petitioners' convictions nor does it serve to punish behavior retroactively that would not otherwise have been punished prior to the

appellate court's decision. *See Ellis*, 232 F.3d at 621.

A state generally has authority to regulate conduct, even conduct with expressive elements, more broadly than pure speech. *See, e.g., City of Erie*, 529 U.S.277, 120 S.Ct. 1382; *Barnes*, 501 U.S. at 566-72, 111 S.Ct. at 2460-63; *United States v. O'Brien*, 391 U.S. 367, 376-77, 88 S.Ct. 1673, 1678-79 (1968); *Koppinger v. City of Fairmont*, 311 Minn. 186, 248 N.W.2d 708 (1976). Thus, the appellate court need not have adopted an obscenity standard, which is usually reserved for pure speech prohibitions, to save the statute from an overbreadth challenge. *See generally Miller v. California*, 413 U.S. 15, 26 n.8, 93 S.Ct. 2607, 2616, L.Ed.2d 419 (1973); *Schultz v. City of Cumberland*, 228 F.3d 831, 848-851 (7th Cir. 2000); *Koppinger*, 311 N.W.2d at 189-201. Nonetheless, the statute provided Petitioners adequate notice that certain forms of indecent conduct were punishable under the indecent exposure statute. Obscene conduct would most certainly be encompassed within the definition of indecent conduct. The appellate court's decision that the language of the statute does not prohibit constitutionally protected expressive conduct, because it merely prohibits obscene conduct seems to have considerably narrowed the scope of conduct punishable under the statute and, thus, saved the statute from being unconstitutionally overbroad. *See Bouie*, 378 U.S. at 353, 84 S.Ct. at 1702 ("an unforeseeable judicial *enlargement* of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such that Art. I., s 10 , of the Constitution forbids") (emphasis added)). *See generally Virginia v. Am. Booksellers*, 484 U.S. 383, 397; 108 S.Ct. 636, 645 (1988) ("It has long been a tenet of First Amendment law that in determining a facial challenge to a statute, if it be 'readily susceptible' to a narrowing construction that would make it constitutional, it will be upheld."); *Schultz*, 228 F.3d at 850 ("a facial overbreadth challenge fails when the regulation's plain

language is readily susceptible to a narrowing construction that would make it constitutional").

While the Court notes that the state court need not have gone so far to preserve the constitutionality of a statute proscribing indecent conduct, the appellate court, nonetheless, had every right to do so. It is not the province of this Court to re-examine the state court's construction of a Minnesota statute. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed.2d 385 (1991); *Williamson v. Jones*, 936 F.2d. 1000, 1004 (8th Cir. 1991) ("A state court's interpretation of state law is binding upon a federal court in a habeas proceeding."). Only when a state's statutory construction goes beyond fundamental fairness will a court question its constitutionality. *See Schad v. Arizona*, 501 U.S. 624, 637, 111 S. Ct. 2491, 2500 (1991). There is "a threshold presumption of legislative competence to determine the appropriate relationship between means and ends in defining the elements of a crime." *Id.* According to the Minnesota state court's interpretation of the Minnesota indecent exposure statute, to be convicted under the statute, a defendant must willfully engage in obscene conduct in public or in a place where others are present. *See Duncan*, 605 N.W.2d at 748-50; *Schramel*, 581 N.W.2d at 403. This statutory construction is not unforeseeable, does not violate basic ideas of fairness, and does not expand the scope of criminal liability under the statute. Thus, the Court recommends that habeas relief not be granted on due process grounds.

**D. Obscenity Standard**

The Court would decline to hold that Petitioners' conduct was not "obscene" as a matter of law. However, the Court would conditionally grant the writ because the state trial court made no finding that, under the circumstances, Petitioners' conduct met the United States Supreme Court's clearly articulated obscenity standards. *See Miller*, 413 U.S. at 24, 93 S.Ct. at 2615; *see*

*also Hammond v. Adkisson*, 536 F.2d 237, 238 (8th Cir. 1976) (granting a conditional writ when a state trial court did not make findings that defendant's words were likely to incite violence, as required under First Amendment "fighting words" jurisprudence). In fact, there is no indication from the trial transcript or the trial court's orders convicting Petitioners that the trial court gave any consideration to the standards of obscenity; the trial court merely found Petitioners guilty of knowingly engaging in lewd conduct in public. *See Miller*, 413 U.S. at 24, 93 S.Ct. at 2615.

In affirming Petitioners' convictions for lewd and lascivious conduct, the Minnesota Court of Appeals observed that the Minnesota Statute is limited to obscene conduct. The court stated:

> We can identify no authority distinguishing lewd and lascivious behavior from what is otherwise identified as obscene.
>
> We conclude that lewd and lascivious behavior is synonymous with obscene behavior. Obscene behavior, conduct, or speech is not protected by the First Amendment and may be regulated. Thus, behavior that is lewd and lascivious is not constitutionally protected, and Minn. Stat. § 617.23, prohibiting such conduct, is not unconstitutionally overbroad.

*Duncan*, 605 N.W.2d at 750 (citations omitted).

The constitutional standards for obscenity are well established and clearly articulated by the United States Supreme Court in *Miller*, 413 U.S. at 24, 93 S.Ct. at 2615. In fact, both post-*Miller* cases cited by the Minnesota Appellate Court as support for its position that "lewd" and "lascivious" are synonymous with "obscene" and, thus, not protected by the First Amendment contain a consideration of the *Miller* standards.[6] *See Duncan*, 605 N.W.2d at 750 (citing *Seattle*

---

[6] The Court also notes that Minn. Stat.§ 617.241 (West Supp. 2001), which expressly prohibits obscene performances, requires proof of the obscenity standards as laid out in *Miller*, 413 U.S. at 24, 93 S.Ct. at 2615. *See also Koppinger v. City of Fairmont*, 311 Minn. 186, 192 n.3, 248 N.W.2d 708, 712 (analyzing a city nudity ordinance, the Minnesota Supreme Court stated, "It is important to note at the outset that this is not an obscenity or pornography case. . . .

*v. Marshall*, 83 Wash.2d 665, 521 P.2d 693, 697 (1974); *State v. Diversified Theatrical Corp.*, 59 Mich.App. 223, 229, N.W.2d 389, 393 (1975)).

The appellate court also cited *Roth v. United States*, 354 U.S. 476, 485, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), for the proposition that obscene "behavior, conduct, or speech" is unprotected. Although *Roth* pre-dates *Miller*, the Supreme Court in that case, nonetheless, made it clear that something that is sexual and something that is obscene are not necessarily the same. *Id.* at 487; *see also Sable Communications of California, Inc. v. FCC*, 492 U.S. 115, 126, 109 s.Ct. 2829, 106 L.Ed.2d 93 (1989) ("Sexual expression which is indecent but not obscene is protected by the First Amendment."); *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 498, 105 S.Ct. 2794, 2799 (1985) (stating that *Roth* was not "intended to characterize as obscene material that provoked only normal, healthy sexual desires"). *Roth* established that in order for something to be obscene, removing it from the protection of the First Amendment, it must deal with sex in a manner that appeals to the "prurient interest." *Id.* The Supreme Court further stated:

> The fundamental freedom of speech and press have contributed greatly to the development and well-being of our free society and are indispensable to its continued growth. Ceaseless vigilance is the watchword to prevent their erosion by Congress or by the States. The door barring federal and state intrusion into this area cannot be left ajar; it must be kept tightly closed and opened only the slightest crack necessary to prevent encroachment upon more important interests. It is therefore vital that the standards for judging obscenity safeguard the protection of freedom of speech and press for material which does not treat sex in a manner appealing to the prurient interest.

---

[T]he portion of the ordinance at issue here does not conform to the guidelines set down by the United States Supreme Court for state laws regulating obscenity: 'A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.' This ordinance contains no such limitations." (citations omitted)).

*Id.* at 488 (citations omitted).

*Miller* served to more clearly establish the standards for obscenity as:

> The basic guidelines for the trier of fact must be: (a) whether the 'average person applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

*Miller*, 413 U.S. at 24, 93 S.Ct. at 2615. The Minnesota Appellate Court held that the statute at issue is not overbroad because it merely prohibits constitutionally obscene performances. "However, the record demonstrates that the state trial judge made no attempt in this case to limit the application of the statute in such a manner." *Hammond*, 536 F. 2d at 238.

As was the case in *Hammond*, at the time of Petitioners' convictions, the Minnesota Appellate Court "had not given such a narrow reach to the statute under which [Petitioners were] convicted." *Id.* at 239. To save the statute from a charge of being constitutionally overbroad, the appeals court clarified that the statute applies to obscene conduct, which is completely outside the purview of the First Amendment. *See Duncan*, 605 N.W.2d at 750. In the present case, the trial judge apparently felt it was necessary to find only that the conduct was willfully lewd and lascivious and performed in a public place. Since the Minnesota Court of Appeals first narrowed the construction of the statute only after Petitioners were tried, and considering as well the ambiguity of the trial court's findings, the Court recommends that the court conditionally grant the writ because the state trial court made no findings that Petitioners' conduct was obscene. *See Hammond*, 536 F.2d at 238, 240.

**E. Judicial Review of Allegedly Obscene Actions**

Petitioners also claim that habeas corpus relief should be granted because the Constitution requires the trial judge to actually view Petitioners' allegedly obscene activities. The Court finds this argument without merit and would not recommend a writ be granted on this ground.

A federal court may not grant Petitioners' petition for writ of habeas corpus unless the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has not held that the Constitution requires a live performance or activity that is allegedly obscene to be actually viewed by the trial judge prior to a judicial determination that the performance in fact is obscene. The United States Supreme Court cases cited by Petitioners for this proposition, *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 93 S.Ct. 2628 (1973); *Jacobellis v. Ohio*, 378 U.S. 184, 84 S.Ct. 1676 (1964) (plurality opinion), involved prosecutions for possessing and exhibiting obscene films, which are distinguishable from past allegedly obscene live performances. By hearing evidence regarding Petitioners' actions, without actually viewing them, the state court did not act contrary to or unreasonably apply clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). It would be impossible for a trial judge to actually view performances or other activities that occurred in the past to determine if they meet obscenity standards. Thus failure of the trial court to do so was not only not unreasonable but also not required by federal law.

**III. RECOMMENDATION**

**IT IS HEREBY RECOMMENDED that**:

The Petition for Writ of Habeas Corpus be **CONDITIONALLY GRANTED** with

directions that the State of Minnesota grant Petitioners a new trial within sixty days of the issuance of the court's mandate. In the event no retrial is held, the Court recommends that the federal district court **GRANT** a writ of habeas corpus discharging Petitioners.

Dated: May 1, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation within 10 days after being served with a copy thereof by filing with the Clerk of Court and serving all parties by a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.