UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephanie K. Duncan,
Paul Martin Lockwood,
Michael Albert Schramel,
Steven Gary Isaacson,
Keith Alan Berard,

Petitioners,

v.

The Honorable Skipper J. Pearson,
Judge of Stearns County,

Respondent.

ORDER
Civ. No. 00-2134 (MJD/SRN)

---

Randall D.B. Tigue, for and on behalf of Petitioners.

Roger S. Van Heel, Stearns County Attorney, and Daniel A. Benson, Assistant Stearns County Attorney for and on behalf of Respondent.

---

The above-entitled matter comes before the Court upon the objections of the Petitioners and Respondent to the Report and Recommendation of the United States Magistrate Judge Susan Richard Nelson dated May 1, 2001. Petitioner objects to those portions of the Report and Recommendation in which the Magistrate rejected the arguments that their rights to due process were violated when the Minnesota courts applied an expanded definition of indecent exposure and retroactively applied the obscenity standard to their state criminal cases. Petitioners also object to the Magistrate Judge's rejection of their argument that as a matter of law, a prima facie case of obscenity requires that the trier of fact actually view the obscene work.

FILED JUL 20 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Respondent also objects to the Report and Recommendation. Specifically, Respondent asserts that the Magistrate Judge erred in concluding that the district court must make a finding that Petitioners' conduct was obscene.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review the Court will adopt the findings and conclusions of the Magistrate Judge, with one exception. Contrary to the Magistrate Judge's determination, this Court finds that Petitioner did sufficiently raise the claim that their due process rights were violated when the appellate court allegedly retroactively applied the new construction of the Minnesota indecent exposure statute to them. See Report and Recommendation, p. 7 n. 4. The Court does, however, agree with the Magistrate's further determination that the claim has no merit.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is CONDITIONALLY GRANTED with directions that the State of Minnesota grant Petitioners a new trial within sixty days of the date of this Order. Failure of the State of Minnesota to grant a new trial as directed will result in a further order from this Court granting the Writ of Habeas Corpus discharging Petitioners.

Date: July 18, 2001

Michael J. Davis
Michael J. Davis
United States District Court